Sullivan,  }
March 3, 1903.  }

HANRAHAN, *Guardian*, *v.* SEARS.

As a matter of comity, a guardian appointed in another state may maintain *habeas corpus* in the court of this state to obtain custody of a minor ward who is domiciled here.

In such action, the controlling consideration is the present and prospective welfare of the ward; and upon this question, evidence that the substantial interests of the child will be subserved by a continued residence with the defendant is admissible.

HABEAS CORPUS.   Facts found, and case transferred from the November term, 1902, of the superior court, by *Peaslee*, J.

The plaintiff is a resident of Vermont.   July 26, 1894, he was there appointed guardian of the person and estate of Irene Kelly, an orphan five years old and there resident.   He then placed her in an orphan asylum in Burlington.   The following year a brother of the defendant and a second cousin of the ward, with the consent of the guardian, took her to the defendant's home in Claremont, N. H., intending (as the defendant says) to support the child and have the care and custody of her during her minority. Since then the defendant has supported and schooled the ward. Before commencing this proceeding the guardian called upon the defendant, intending to take his ward and place her in the family of her married sister in Vermont.   The defendant refused to surrender the child.

The defendant moved to dismiss the action for the reason that the plaintiff has no authority over the person of his ward in this state.   The motion was denied, and the defendant excepted.   The defendant, conceding that the family in which the guardian proposes to place the child is one which will furnish a suitable home, offered to show that the ward's situation is much better in the

defendant's family, and that for several reasons it is for the good of the child that she should remain where she is. The evidence was excluded, subject to exception. An order was made that the defendant deliver the child to the guardian.

*Frank H. Brown,* for the plaintiff.

*Burt Chellis* and *Hermon Holt,* for the defendant.

WALKER, J. Whatever rights a guardian appointed in another state may have to the custody of his minor ward living, with his consent, in this state, it is well settled that upon *habeas corpus,* whether brought by a parent or a guardian, the controlling consideration is the present and prospective welfare of the child. Even the parent has not an absolute right to its custody. "Ordinarily, a father is entitled to the custody of his minor children, and upon *habeas corpus* both courts of law and equity have power to award it to him. The application, however, being addressed to the sound discretion of the court, such award will be withheld when it is made clearly to appear that by reason of unfitness in the father for the trust, or other causes, the permanent interests of the child would be sacrificed by such change of custody; and in deciding upon this question the court will take into consideration the condition of the child with the persons from whose custody it is sought to be taken; its relation to them; the present and prospective provision for its support and welfare; the' length of its residence there, and whether with the consent of the father, and the understanding, tacit, or otherwise, that it should be permanent; the strength of the ties that had been formed between them; and, if the child has come to years of discretion, its wishes upon the subject." *State* v. *Libbey,* 44 N. H. 321; *State* v. *Richardson,* 40 N. H. 272; *United States* v. *Green,* 3 Mason 482, 485; Hurd Hab. Corp. 461; Church Hab. Corp., ss. 446, 447. If the relator were the father of the child, whose *prima facie* right to her custody might not be easily controlled by other considerations, still, evidence that her substantial and permanent welfare would be greatly promoted by remaining with the respondent, in comparison with the advantages afforded by the father, would be competent for the consideration of the court in a proceeding of this character; and its exclusion would be error.

The ward in this case has been rightfully within this state some seven years, with the consent of the relator; and' while here her *status* and rights are to be determined by the laws of this state. If by comity the rights of a foreign guardian may be recognized in our courts, they cannot be allowed to prevail in opposition to the

legal and equitable rights of the ward while within this jurisdiction.   *Woodworth* v. *Spring*, 4 Allen 321.   Upon all the evidence, the superior court should determine the question whether the child's welfare will be best promoted by taking her from her relatives with whom she has lived for many years and for whom she may have feelings of filial regard, and placing her in the custody of the relator, an officer appointed under the laws of Vermont. While the official character of the relator may have a legitimate bearing upon the question of custody, other considerations may be of controlling significance.   The wishes of the child, who is about thirteen years old, would seem to be entitled to considerable weight.   Church Hab. Corp., *s.* 447.   The exclusion of the evidence offered by the defendant was erroneous.

The defendant's motion to dismiss the petition was properly denied.   From what has already been said, it is apparent that the relator may be the proper person to have the custody of the child, not because of his absolute right thereto, which, if it exists, is derived from the laws of another state and can only be recognized here as a matter of comity (*Leonard* v. *Putnam*, 51 N. H. 247; *Morgan* v. *Potter*, 157 U. S. 195; Sto. Conf. Laws, *ss.* 499, 504, 504a), but because the substantial interests of the child authorize that conclusion.

The defendant's first exception is overruled, and the second is sustained.

*Order set aside.*

CHASE, J., was absent: the others concurred.