## A. D. BURROWES v. LOUISE W. BURROWES.

### (Filed 16 December, 1936.)

1. **Divorce F a—Order for custody of minor child is improperly entered in divorce proceedings when adverse party is given no notice.**

    It appeared that a copy of the complaint in this divorce proceeding was mailed to the *feme* defendant together with a nonsuit taken by plaintiff in a prior action for divorce in which plaintiff prayed for the custody of a child of the marriage, and that thereafter summons in the divorce proceedings was served on the nonresident *feme* defendant by publication. The complaint gave no notice that the plaintiff would seek the custody of the minor child. Judgment for absolute divorce entered in the action provided that plaintiff should have the custody and control of the minor child. *Held:* The order awarding the custody of the minor child to plaintiff is irregular and not in accordance with the practice of the courts of this State, and should have been stricken out on motion of the *feme* defendant for the reason that the *feme* defendant had no notice from the complaint or otherwise that the custody of the minor child was involved in the action.

2. **Same—Proviso of C. S., 1664, dispensing with notice, does not apply in cases where movant has custody and control of child.**

    The provision of C. S., 1664, that no notice of a motion for the custody of a minor child of the marriage need be given in the divorce proceedings when the adverse party has removed or is about to remove the child from the jurisdiction of the court, applies only when the motion or application is made by the parent not having custody of the child, and where the motion is made by the parent having the custody of the child the five days notice required by the statute must be given.

3. **Same—**

    The court entering a decree of absolute divorce may not award, *ex mero motu,* the custody of a minor child of the marriage to plaintiff without giving notice to defendant and without finding that the best interest of the child would be promoted by so awarding its custody.

4. **Same—Court has no jurisdiction to ratify improvident order for custody of minor child when the child is not within the jurisdiction of the court.**

    In' this proceeding for divorce the decree awarded the custody of a minor child of the marriage to plaintiff without any notice to defendant that the custody of the child was involved in the action. Upon motion of defendant to strike out the improvident order awarding the custody of the child, plaintiff filed a counter motion that the prior improvident order be ratified. The court granted plaintiff's counter motion although the child was in another state, the court stipulating that the presence of the child in court was waived by the court. *Held:* The presence of the child within the State was necessary to confer jurisdiction on the court to award its custody, and such jurisdictional requirement could not be waived by the court, and the court's order ratifying the prior improvident order for the custody of the child is void.

APPEAL by defendant from *Barnhill, J.,* at Second March Term, 1936, of WAKE. Reversed.

This action was begun in the Superior Court of Wake County on 28 November, 1934. The defendant was at said date and is now a non-resident of this State. The summons was duly served on her by publication as provided by statute. C. S., 484 (5).

On the facts alleged in the complaint as constituting his cause of action, C. S., 1659 (4), the plaintiff prays judgment that the bonds of matrimony existing between him and the defendant be dissolved, and that he be granted an absolute divorce from the defendant.

It is alleged in the complaint "that one son of the marriage, Thomas Henry Burrowes, was born on 6 May, 1924." The plaintiff does not allege that he is entitled to the custody of the said Thomas Henry Burrowes, nor does he pray in his complaint for an order that the said Thomas Henry Burrowes be committed to his custody.

The action was tried at the Second March Term, 1935, of the Superior Court of Wake County, when judgment was rendered as follows:

"This cause coming on to be heard before the undersigned and a jury, and being heard, and the jury having answered the issues submitted to them as follows:

"1. Is the plaintiff, A. D. Burrowes, a resident of Wake County, State of North Carolina, and has he been a resident of said State and county for a period of more than two years prior to 28 November, 1934? Answer: 'Yes.'

"2. Were the plaintiff and the defendant married, as alleged in the complaint? Answer: 'Yes.'

"3. Were the plaintiff and the defendant separated in June, 1932, and have they lived separate and apart since said date? Answer: 'Yes.'

"4. Did the defendant abandon the plaintiff in June, 1932, without cause on the part of the plaintiff? Answer: 'Yes.'

"And upon said issues, as answered by the jury, the plaintiff being entitled to an absolute divorce from the defendant Louise W. Burrowes,

"It is now therefore ordered, adjudged, and decreed that A. D. Burrowes be and he is hereby granted an absolute divorce from the defendant Louise W. Burrowes.

"It appearing to the court that one son, Thomas Henry Burrowes, was born to said plaintiff and defendant, on 6 May, 1924, and that said son by virtue of orders heretofore entered in this court in the case of 'A. D. Burrowes v. Louise W. Burrowes,' instituted on 26 October, 1933, has been committed to the care, custody, and control of the plaintiff in this action, and that under and by virtue of orders of the juvenile court of Wake County, city of Raleigh, the care, custody, and control of the said Thomas Henry Burrowes has been committed also to the plaintiff in this

action, A. D. Burrowes, and that the said Thomas Henry Burrowes, the said son, is now in the custody and control of the said A. D. Burrowes, the plaintiff in this action;

"It is now, therefore, further ordered and decreed that without in any manner affecting the orders which have been heretofore issued by the juvenile court of the county of Wake, city of Raleigh, the care, custody, and control of the said Thomas Henry Burrowes is hereby committed to A. D. Burrowes, the plaintiff in this action, under the terms and conditions of the order of his Honor, J. Paul Frizzelle, on 21 December, 1934, at the December Term of the Wake Superior Court.

F. A. DANIELS, *Judge Presiding."*

Thereafter, on or about 17 January, 1936, the defendant filed a motion, in writing, in this action, which is as follows:

"In the above entitled cause, now comes the defendant Louise W. Burrowes, by and through her counsel, Ruark & Ruark, whose address is Rooms 602, 603, 604, and 605 Lawyers' Building, Raleigh, North Carolina, and makes this her motion to the court, that any and all of the provisions of the judgment heretofore entered in this cause at the Second March Term, 1935, of this court, which relate to and/or in any manner undertake to determine or in any manner affect the rights of this defendant or to provide for the custody and control of the person of Thomas Henry Burrowes, minor son of the plaintiff and this defendant, be stricken out, so that said judgment shall remain and continue in force only as a divorce of the plaintiff from this defendant from the bonds of matrimony.

"This motion is made upon the grounds:

"(a) That the portion of said judgment hereby moved to be stricken was entered and signed by the judge presiding at the Second March Term, 1935, of this court, through inadvertence and mistake.

"(b) That the failure of this defendant to appear in said cause and oppose the entry of that portion of the judgment hereby moved to be stricken resulted by and through mistake, inadvertence, and excusable neglect.

"(c) That the court, at the time of the rendition of said judgment, was without authority and/or jurisdiction in law to enter that portion of same hereby moved to be stricken.

"(d) That the portion of the judgment hereby moved to be stricken was entered without any notice to this defendant, as required by law.

"In support of this motion, defendant Louise W. Burrowes appends hereto her affidavit.

"All of which is respectfully submitted, and the defendant Louise W. Burrowes prays the court that notice of this motion, together with a copy

of the affidavit hereto appended, be given to and served upon the plaintiff A. D. Burrowes, as provided by law, and that she, the said Louise W. Burrowes, may have such relief in the premises as she may be entitled to.

LOUISE W. BURROWES.

"RUARK & RUARK, *Attorneys for Defendant.*"

The said motion, together with a copy of the affidavit of Louise W. Burrowes appended thereto, was duly served on the plaintiff A. D. Burrowes, who duly filed his reply to said motion, in which he prayed that the motion be denied.

Thereafter, on or about 10 March, 1936, the plaintiff A. D. Burrowes filed a motion in writing in the action, which is as follows:

"Now comes the plaintiff A. D. Burrowes, through his attorney, I. M. Bailey, and moves the court that it ratify that portion of the judgment entered in this cause at the Second March Term, 1935, Superior Court of Wake County, to which the defendant Louise W. Burrowes directs her motion that the same be stricken out, and in support of said motion respectfully showeth to the court:

"1. That said portion of said judgment was entered pursuant to the authority and jurisdiction of the court.

"2. That the defendant Louise W. Burrowes contends that she was not notified and was not present at the time said portion of said judgment was entered, while the plaintiff contends that it was not necessary that she be present, or that she be notified, to confer jurisdiction on the court to enter said portion of said judgment.

"3. That summons in this action was served by publication, and that said service was properly made according to law, and that since said judgment, to wit: On 18 January, 1936, Louise W. Burrowes has, by general appearance in this action, entered her motion therein.

"4. That if there is any defect in said portion of said judgment, which the plaintiff denies, then, since the defendant has made motion herein after entering her appearance in this cause, the plaintiff is entitled to have said portion of said judgment ratified and affirmed.

"Wherefore, the plaintiff A. D. Burrowes prays an order of the court herein ratifying and affirming that portion of the judgment to which the defendant, after entering special appearance herein, directed her motion.

I. M. BAILEY,

*Attorney for A. D. Burrowes, Plaintiff.*"

The action was heard at Second March Term, 1936, of the Superior Court of Wake County, by Barnhill, J., on the motion of the defendant, and also on the motion of the plaintiff.

On the facts found at said hearing, the court was of opinion and held that "so much of the judgment rendered at the Second March Term,

1935, of the Superior Court of Wake County as relates to and undertakes to fix or determine the rights of the plaintiff and the defendant with respect to the custody of their minor child, Thomas Henry Burrowes, was and is irregular and not in accordance with the practice of the court, for the reason that the portion of the judgment referred to was rendered without notice to the defendant, and the court is of the opinion that the five days notice required by C. S., 1664, relates to motions of either party for the custody of an infant child of the parties to a divorce action in term as well as out of term.

"The court is therefore of the opinion that the defendant would be entitled to have said portion of said judgment stricken therefrom except for the motion of the plaintiff now pending that this court now ratify and affirm said portion of said judgment.

"The court is of the opinion that under the provisions of C. S., 1664, this court now has the discretionary power, after due notice to the defendant, which has been given, to ratify and affirm that portion of the judgment of Judge Daniels awarding custody of said infant to the plaintiff."

It was accordingly ordered and adjudged by the court that "the provisions of the judgment of Daniels, Judge, hereinbefore recited, awarding the custody of said infant Thomas Henry Burrowes to the plaintiff be and the same is hereby in all respects ratified and affirmed, except so much of said judgment as limits the right of the defendant to move the court for a rehearing upon the custody of said infant, and there is reserved to the defendant her statutory right to move the court upon notice for a rescission or modification of the judgments awarding the custody of said infant.

"Prior to the hearing upon plaintiff's motion hereinbefore mentioned, counsel for the plaintiff offered, if requested or required by the court so to do, to bring the minor son of the plaintiff and defendant into the State of North Carolina, and produce him before the court at said hearing. The actual presence of said infant was waived by the court.

"This judgment is entered without prejudice to the rights of the defendant Louise W. Burrowes to move in this court at any time for change, modification, or revocation of this judgment, as she may be advised."

The defendant excepted to the judgment and appealed therefrom to the Supreme Court. She assigns as error the refusal of the court to allow her motion that the order in the judgment in this action at Second March Term, 1935, with respect to the custody of her son, Thomas Henry Burrowes, be stricken from said judgment, and also the judgment ratifying and affirming said order at the Second March Term, 1936.

*I. M. Bailey for plaintiff.*
*Ruark & Ruark for defendant.*

CONNOR, J. The facts pertinent to the motion of the defendant in this action that the order in the judgment at the Second March Term, 1935, of the Superior Court of Wake County, with respect to the custody of Thomas Henry Burrowes, infant son of the plaintiff and defendant, be stricken from said judgment, as found by the judge at the hearing of said motion, are as follows:

This action was begun in the Superior Court of Wake County, North Carolina, on 28 November, 1934. At that date the defendant was and she is now a nonresident of this State. She is a resident of the city of Washington, in the District of Columbia, where she and the plaintiff were married to each other on 12 September, 1923, and where they resided as husband and wife until some time during 1929, when the plaintiff became a resident of this State.

At the date of the commencement of this action, the attorney for plaintiff, by letter addressed to her at the place of her residence in Washington, D. C., advised the defendant of the commencement of the action against her by the plaintiff. He enclosed with his letter a copy of the complaint in the action, and advised her that the original complaint had been duly filed in the Superior Court of Wake County. The only reference in the complaint to Thomas Henry Burrowes, the infant son of the plaintiff and defendant, is the allegation that he was born on 6 May, 1924. No notice was given to the defendant in the complaint that the custody of her son was involved in the action. The prayer in the complaint was for judgment dissolving the bonds of matrimony existing between the plaintiff and defendant, and granting the plaintiff an absolute divorce from the defendant.

There was also enclosed with the letter a copy of a judgment of nonsuit, which the plaintiff had caused to be entered in an action for divorce instituted by the plaintiff against the defendant in the Superior Court of Wake County, on 26 October, 1933. In the complant in that action, the plaintiff had prayed for an order awarding him the custody of Thomas Henry Burrowes, and orders had been entered in the action, from time to time, with respect to the temporary custody of the said Thomas Henry Burrowes.

The defendant was advised in said letter that summons in the action instituted against her by the plaintiff on 28 November, 1934, would be served by publication, as provided by statute, unless she accepted service of the summons. The summons in the action was subsequently served on the defendant by publication.

The defendant did not file an answer to the complaint nor did she enter an appearance in this action prior to Second March Term, 1935, of the Superior Court of Wake County, when the action was tried and judgment rendered granting the plaintiff an absolute divorce from the defendant, and containing an order awarding the custody of Thomas Henry Burrowes to the plaintiff.

We concur with the opinion of Judge Barnhill that on these facts the order with respect to the custody of Thomas Henry Burrowes, infant son of the plaintiff and defendant, contained in the judgment rendered in this action at Second March Term, 1935, of the Superior Court of Wake County, was irregular and not in accordance with the practice of the courts of this State. We are further of the opinion that the order was improvidently made and included in the judgment, and should have been stricken from said judgment on the motion of the defendant, for the reason that the defendant had no notice from the complaint or otherwise that the custody of her infant son was involved in the action.

It does not appear on the record or in the order that same was made upon the application or motion of the plaintiff. If such were the case, as may be reasonably inferred, the order was improvidently made, because no notice of five days, as required by the statute, C. S., 1664, was given to the defendant. It is manifest that the provision in the statute dispensing with the notice of five days, when it appears that the parent having possession or control of the infant child of the parties to the action has removed or is about to remove such child from the jurisdiction of the court, is not applicable to the instant case. This provision is applicable only where the application or motion is made by the parent who does not have possession or control of the child, and is for the protection of the rights of such parent, and not of the parent who has possession or control of the child at the time the application or motion is made. In such case, no notice to the adverse party is required.

If the order was made by the court, not on the application or motion of the plaintiff, but *ex mero motu,* still the order was improvidently made, for, in such case, conceding without deciding that the court had the power to make the order in this action with respect to the custody of the infant child of the plaintiff and defendant, after their divorce, for its protection, there is no finding by the court that the best interests of the said child would be promoted by committing its custody to its father rather than to its mother. Even in such case, notice should have been given to the defendant before an order was made in this action, affecting her rights with respect to the custody of her infant child. There is nothing in the record in this action which shows or tends to show that the defendant is not a proper person to have the custody of her child, or that she has by her conduct forfeited her rights as its

mother. Indeed, there is no contention on this appeal to that effect. Nor does it appear from the record that the order was made for the protection of the child, or to promote its best interests.

There was error in the refusal of the court to allow defendant's motion in the action, notwithstanding the motion of the plaintiff that the order improvidently made by the court at Second March Term, 1935, be ratified and affirmed by the court at Second March Term, 1936, of the court.

As pertinent to the motion of the plaintiff, it was found by the court that at the time of the hearing of said motion, Thomas Henry Burrowes, infant son of the plaintiff and defendant, whose custody was involved in the said motion, was a student in a school in the State of Pennsylvania, where he had been placed by his father, the plaintiff. It thus appears that the said infant was not within the jurisdiction of the court at the time the order was made ratifying and affirming the order improvidently made by the court at its Second March Term, 1935, committing the custody of the said infant to the plaintiff. The effect of the order made at the Second March Term, 1936, was to commit the said infant to the custody of the plaintiff, as of the date of the order. As the child was not then within its jurisdiction, the court was without power to make the order, and for that reason there is error in the judgment in accordance with the order. 31 C. J., 988. See *Finlay v. Finlay,* 240 N. Y., 429, 40 A. L. R., 937, and *In re Alderman,* 157 N. C., 507, 73 S. E., 126. In the last cited case it was held that an order made by a court in the State of Florida with respect to the custody of an infant child who had become a resident of this State, had no force or effect in this State. It is said in the opinion that when the child became a citizen and resident of this State, and duly domiciled here, it was no longer under the control of the Florida courts. In the instant case, it appears that neither the plaintiff nor the defendant, nor their child, Thomas Henry Burrowes, was a resident of or domiciled in this State at the time the order was made ratifying and affirming the order made in this action at Second March Term, 1935, committing the said Thomas Henry Burrowes to the custody of the plaintiff. The waiver by the court of the actual presence of the child at the hearing of plaintiff's motion did not dispense with such presence for the purpose of acquiring jurisdiction of said child. Nor did the offer of counsel for the plaintiff to produce the child at the hearing supply the want of his presence within the jurisdiction of the court.

For the reasons stated in this opinion, the judgment is reversed and the action remanded to the Superior Court of Wake County, that judgment may be entered in accordance with the decision of this Court.

Reversed.