### IN THE MATTER OF CARL OGDEN, Minor.

(Filed 6 January, 1937.)

**1. Parent and Child § 4: Habeas Corpus § 3—Habeas corpus does not lie to determine custody of child as between divorced parents.**

*Habeas corpus* is not available to determine the custody of a child as between its divorced parents, C. S., 2241, 2242, and where the divorce is granted in another state of which the parents were residents, the writ is not available to enforce the provisions of the divorce decree relating to the custody of the child as against the mother moving to this State and bringing the child with her.

**2. Habeas Corpus § 8—Decree awarding custody of minor child as between divorced parents is not appealable.**

A decree in *habeas corpus* proceedings to determine the custody of a child as between its divorced parents is not appealable, since the proceeding does not come within the provisions of C. S., 2241, 2242, nor will the provisions made for the child be considered when the judge below finds that the child is in school and is being properly cared for by the parent having its custody, and awards its custody to such parent during the school term, the sole remedy being by *certiorari* to invoke the constitutional power of the Supreme Court to supervise and control proceedings of inferior courts, N. C. Constitution, Art. IV, sec. 8.

APPEAL by petitioner, Garrett F. Ogden, from *Armstrong, J.*, 12 October, 1936. From FORSYTH. Appeal dismissed.

Heard upon writ of *habeas corpus* to determine the custody of Carl Ogden, infant son of petitioner and his divorced wife, the respondent. The petitioner is a resident of the State of Florida, and the respondent, since her divorce in Florida, has married William F. Slack and is now residing with her present husband and the said Carl Ogden in Mount Airy, North Carolina.

Petitioner appealed.

*Elledge & Wells for petitioner, appellant.*
*E. C. Bivens for respondent, appellee.*

DEVIN, J. The constitutional and statutory provisions with respect to writs of *habeas corpus* are made applicable to controversies as to the custody of children when the parents are "living in a state of separation without being divorced." C. S., 2241. And in such cases, by virtue of C. S., 2242, when a contest has arisen, "either party may appeal to the Supreme Court from the final judgment."

The court below found as a fact that the petitioner, the husband and father, resides in the State of Florida, and that by a decree of a court of competent jurisdiction in that state the bonds of matrimony were dissolved between him and his wife, the respondent and mother of the infant, Carl Ogden.

It was further found as a fact that in the divorce decree of the Florida court custody of the child, the subject of this proceeding, was awarded to each of the parties for certain portions of each year; that thereafter the mother removed with the child to North Carolina and is now residing in the county of Surry; "that the said Carl Ogden has been residing with his mother and has been well cared for, and has entered school in Mount Airy." Thereupon, the judge below made an order awarding the custody of the child to the mother for the portion of the year from 1 September to 1 June of each year, and to the father for the remainder of the year, with certain requirements on the part of each parent to insure compliance with the order.

From this judgment and decree the petitioner appealed to this Court, contending that full faith and credit should be given the Florida decree, and that it should be held controlling in the North Carolina court.

It is obvious that this controversy does not come within the provisions of the statute (C. S., 2241). The husband and wife are not "living in a state of separation without being divorced."

While the courts are always open to an application for a writ of *habeas corpus* when it is alleged that the liberty of a person is being

unlawfully restrained, the procedure under this "high prerogative writ," as it has been well called (*People v. Zimmer,* 252 Ill., 9), may not be available for the determination of the custody of a child, as between a father and mother who were divorced in another state of which they were residents.

A similar situation was considered by this Court in *In re Alderman,* 157 N. C., 507. There the application for the enforcement of the decree of a Florida court as to the custody of a child was denied on the ground that there was no vested property right in a child, and that the Florida decree had no extraterritorial effect beyond the bounds of the state where rendered.

It will be noted, however, in that case that the judgment of the Superior Court, which was affirmed, held that the facts there did not present a proper case for a writ of *habeas corpus,* but in the event it might be determined otherwise, the trial judge proceeded to make suitable provisions for the care of the child.

And in *In re Blake,* 184 N. C., 278, it was held that the only object of the writ of *habeas corpus* was to set at large the person unlawfully restrained of his liberty, and that in case of a child the court cannot go further than fix his custody; that the powers of the court do not extend beyond that limit, and that other statutory provisions must be looked to in order to provide for the care, maintenance, and benefit of the child.

In *In re Parker,* 144 N. C., 170, *Clark, C. J.,* states the law as follows: "The object of the writ of *habeas corpus* is to free from illegal restraint. When there is none, the writ cannot be used to decide a contest as to the right of custody of a child except when the contest is between the parents of the child, Revisal, sec. 1853 (C. S., 2241)."

And in a concurring opinion in that case, *Hoke, J.,* uses this language: "Section 1853, Revisal (C. S., 2241), was enacted to enable the court to make proper regulations as to the care and custody of children as between husband and wife who are living in a state of separation without being divorced. It seems to be confined to such cases."

The court which has jurisdiction to grant divorces, incident to the decree, in proper cases may make ample provision for the care and custody of the children of the marriage.

It follows, therefore, that from the judgment in a *habeas corpus* proceeding, which is not within the provisions of C. S., 2241 and 2242, no appeal will lie. *In re Holley,* 154 N. C., 163; *S. v. Yates,* 183 N. C., 753.

The appeal in the instant case is accordingly dismissed, and it is unnecessary to consider the provisions made for the child, as was done in *In re Blake, supra,* since the judge below has found that the child is being properly cared for by his mother and is in school.

By this disposition of the case it is not to be understood that the constitutional power of this Court to exercise supervision and control over the proceedings of courts inferior may not be invoked by application for writs of *certiorari.* Constitution of N. C., Art. IV, sec. 8; *Walton v. Gatlin,* 60 N. C., 310; *Ex parte Biggs,* 64 N. C., 202; *S. v. Jefferson,* 66 N. C., 309; *S. v. Miller,* 97 N. C., 452; *S. v. Herndon,* 107 N. C., 934; *In re Holley, supra; In re Croom,* 175 N. C., 455; *S. v. Hooker,* 183 N. C., 763.

Appeal dismissed.