In the Matter of BOYD BIGGERS and LAWRENCE BIGGERS, Minors.

(Filed 7 April, 1948.)

**1. Constitutional Law § 28: Divorce § 10—**

Where defendant enters an appearance and files answer in a divorce action instituted in another state, she is bound by the divorce decree entered, and the decree is valid here under the full faith and credit clause of the Federal Constitution, Art. IV, sec. 1.

**2. Constitutional Law § 28: Divorce § 17—**

Whether a decree awarding the custody of children of the marriage, entered by a court of another state upon its decree for divorce, is binding here depends upon whether the children were and are residents of such other state or were or have become residents of this State, and when the fact of their residence does not appear of record the cause will be remanded to the Superior Court.

**3. Habeas Corpus § 3—**

A petition for review and modification of an order awarding custody of minor children as between the parents separated but not divorced, G. S., 17-39, and to have respondent attached for contempt for failure to comply with the order as originally entered, was dismissed for want of service of notice upon respondent. *Held:* The fact of dismissal, alone, does not preclude the court from considering a subsequent petition.

Appeal by petitioner, Annie Bost Biggers Bennick, from *Patton, Special Judge,* at November Term, 1947, of Cabarrus. Remanded.

This was a motion upon notice to review and modify an order of court as to the custody of the children named in the caption, and to have respondent J. L. Biggers attached for contempt for failure to comply with said order as originally entered.

It appears that in 1944 on petition of Annie Bost Biggers, then separated from her husband J. L. Biggers, an order apportioning the custody of the two children of the marriage between the parents was made by Judge Bobbitt. The children were before the court in response to a writ of *habeas corpus* (G. S., 17-39). Thereafter J. L. Biggers removed to Florida, taking the children with him, and there instituted suit for divorce from the petitioner. In the Florida court the petitioner Annie Bost Biggers appeared, employed counsel and filed answer, and on 11 December, 1945, judgment was rendered dissolving the bonds of matrimony, and awarding the custody of the children to the father, J. L. Biggers. In February, 1946, Annie Bost Biggers married James Bennick, and thereafter moved in the Superior Court of Cabarrus County that J. L. Biggers be attached for contempt for failure to comply with the order of Judge Bobbitt. The petition was dismissed, but on appeal the matter was remanded (*In re Biggers,* 226 N. C., 647, 39 S. E. (2d),

805). At April Term, 1947, petition was again dismissed by Judge Alley, no notice thereof having been served on the respondent J. L. Biggers. At November Term, 1947, on petition filed 21 October, 1947, and notice duly served, petitioner again moved that J. L. Biggers be attached for contempt, and that the original order as to the custody of the children be reviewed and modified. No answer thereto appears to have been filed.

In the petition it was alleged that after the order of Judge Bobbitt was entered J. L. Biggers took the children to Florida and kept them there for the purpose of defeating the order of the court, and has continued to keep them; that when this matter was pending in this Court (Fall Term, 1946) he again left the State, and only recently returned to Cabarrus County, bringing the children with him; "that after bringing the said minor children to the County of Cabarrus, the said J. L. Biggers then again left, and left the said minor children with his father, H. N. Biggers, who is a resident of Cabarrus County, North Carolina."

After finding certain facts the motion was denied, and petitioner appealed.

*Hartsell & Hartsell for respondent, appellee.*
*E. Johnston Irvin for petitioner, appellant.*

DEVIN, J. This is another of those unfortunate cases of the children of divorced parents.

The petitioner, Mrs. Annie Bost Biggers, now Mrs. Bennick, having entered an appearance and filed answer in the suit instituted by her former husband, J. L. Biggers, in the State of Florida, she is bound by the judgment duly entered in that court in so far as it dissolved the marriage ties. Under the full faith and credit clause of the Constitution of the United States, Art. IV, sec. 1, the Florida divorce decree is valid here. *S. v. Williams,* 224 N. C., 183, 29 S. E. (2d), 744; *McRary v. McRary, ante,* 714; *Williams v. North Carolina,* 317 U. S., 287.

But it does not necessarily follow as a corollary therefrom that the decree of the Florida court awarding the custody of the children to J. L. Biggers is binding upon the courts of North Carolina. That decree, in so far as it operates upon the children, has no extra-territorial effect. *In re Alderman,* 157 N. C., 507, 73 S. E., 126. So that, if these children were at the time of the decree, or have since become and were at the time of the hearing below, residents of North Carolina and within the jurisdiction of the court in which relief on their behalf was sought, the Superior Court of Cabarrus County was not without authority or power to hear and determine questions as to their custody and welfare when properly raised. *In re Alderman, supra; Burrowes v. Burrowes,* 210 N. C.,

788, 188 S. E., 648; *In re Ogden,* 211 N. C., 100, 189 S. E., 119; *In re Prevatt,* 223 N. C., 833, 28 S. E. (2d), 564; *In re Morris,* 225 N. C., 48 (51), 33 S. E. (2d), 243; *In re DeFord,* 226 N. C., 189, 37 S. E. (2d), 516. If, on the other hand, the children were and are residents of Florida, the court of that state as incident to its jurisdiction to grant divorce had power to make provision for the care and custody of the children of the marriage it dissolved. *In re Ogden, supra.*

However, in the record no definite evidence, allegation or finding appears to guide the Court to a correct determination of the questions raised, in accord with the principles announced in the decided cases, and the cause is remanded to the Superior Court of Cabarrus County for additional findings and appropriate orders based thereon.

The dismissal of the petitioner's petition by Judge Alley in April, 1947, for want of service of notice would not constitute a final determination of the matter, or alone prevent the court, upon showing of materially changed conditions, from reconsidering the order entered in 1944. *Clegg v. Clegg,* 187 N. C., 730, 122 S. E., 756; *In re TenHoopen,* 202 N. C., 223 (227), 162 S. E., 619.

Remanded.