JOAN HIBBS HOSKINS v. LUCIUS A. CURRIN, JR., AND WIFE, PAULINE CURRIN, AND RALPH HICKS CURRIN.

(Filed 30 June, 1955.)

**1. Constitutional Law § 28: Divorce § 21—**

The decree of another state awarding the custody of a minor child is not conclusive on our courts when such child is within the boundaries of this State, since an action relating to the custody of a child is in the nature of an *in rem* proceeding and the child is the *res* over which the court must have jurisdiction before it may enter a valid and enforceable order. Article IV, Section 1, Constitution of the United States.

**2. Same—Our court may determine question of right to custody of child within this State notwithstanding foreign decree.**

The evidence tended to show that the husband, serving in the Armed Forces, maintained his legal residence in North Carolina, that he obtained his minor son from his estranged wife in another state, brought him to North Carolina and placed him in the home of his brother and sister-in-law, that thereafter in a divorce action instituted by the wife in such other state, custody of the child was awarded the husband, and that the foreign decree was later modified to award the custody of the child to his mother, notwithstanding the child was and had remained in this State. *Held:* Upon appropriate findings from the evidence, the court of this State had authority to hear and determine the question of the custody of the child, the foreign decree not being binding on our courts in this respect.

**3. Divorce § 19—**

Upon the court's findings, supported by evidence, that the mother is not a proper and suitable person to have the custody of the minor child, that

its father is a proper and suitable person, but because of his frequent changes of residence incident to military service, it is not to the best interest of the minor that its custody be awarded the father, but further that the brother and sister-in-law of the child's father are proper and suitable persons to have its custody, and that the best interest of the child would be served by awarding its custody to them, the decree awarding the child's custody to its uncle and aunt will be affirmed.

APPEAL by plaintiff from *Clifton L. Moore, Judge,* October Term, 1954, of GRANVILLE.

This is a proceeding instituted by the plaintiff, pursuant to the provisions of G.S. 50-13, to obtain custody of Rodney Alan Currin, the infant son of plaintiff and Ralph Hicks Currin, hereinafter called intervenor.

At the hearing below all parties to this proceeding were present in person and represented by counsel, including the infant son of plaintiff and the intervenor. The facts found, the conclusions of law drawn therefrom and the judgment entered pursuant thereto, are set out below:

"1. That Ralph Hicks Currin, intervenor, was born in Granville County, North Carolina, on December 12, 1918, and resided with his parents in said County until 1940 when he enlisted in the United States Marine Corps; that since his enlistment in the Marine Corps in 1940 he has continuously been a member of and on active duty with said Marine Corps until the present, and from time to time has resided in various places both within and without the boundaries of the United States as his duties with the Marine Corps required; that intervenor's present rank in the Marine Corps is Lieutenant-Colonel.

"2. That intervenor on July 3, 1947, intermarried with Joan Hibbs (Currin, Hoskins), plaintiff, in the State of California, where plaintiff resided with her parents and where intervenor was on duty with the Marine Corps; that plaintiff's father is a Captain in the United States Navy and is a native of the State of Montana.

"3. That after their marriage, intervenor and plaintiff moved to Washington, D. C., where intervenor's duty with the Marine Corps required him to be, and they continued to reside in Washington, D. C., until intervenor was transferred by the Marine Corps to California in June 1951; that plaintiff early in January 1951 preceded intervenor to California.

"4. That a child, Rodney Alan Currin, was born to plaintiff and intervenor on March 3, 1950, while they were residing in Washington, D. C.

"5. That after intervenor's transfer to California, in June 1951, his duty with the Marine Corps required him to be away from his family and in Foreign Service without the United States a great portion of the time.

"6. That in the latter part of 1951 plaintiff met and began to associate with one, Dr. Gregory Hoskins, and occupied rooms with him alone at various places and on a number of occasions, and on at least one occasion occupied an apartment for the night with the said Dr. Gregory Hoskins, with no one present except the infant child, Rodney Alan Currin.

"7. That because of plaintiff's associations with Dr. Gregory Hoskins intervenor and plaintiff became estranged and separated on December 24, 1951.

"8. That on or about January 8, 1952, intervenor instituted an action against plaintiff for divorce in San Diego County, California, but intervenor took a nonsuit in this action on or about February 28, 1952.

"9. That on March 1, 1952, intervenor went to the place plaintiff was then residing, obtained his son, Rodney Alan Currin, and carried the said Rodney Alan Currin to Oxford, Granville County, North Carolina, and placed his said son in the home and under the care of the defendants, the brother and sister-in-law of intervenor; and Rodney Alan Currin has at all times resided in said home in Granville County, North Carolina, since March 2, 1952, and has not been in California since March 1, 1952; that intervenor returned to California where his duty with the United States Marine Corps required him to be.

"10. That Granville County is the domicile of origin of intervenor.

"11. That on March 12, 1952, plaintiff instituted an action against intervenor in the Superior Court of Los Angeles County, California, for divorce and for custody of Rodney Alan Currin, and summons was personally served on intervenor; and on April 11, 1952, intervenor filed in said cause a cross-action for divorce from plaintiff, and asserted (as he did on all occasions thereafter in said cause) that the courts of California had no jurisdiction of the custody of Rodney Alan Currin and that intervenor's domicile was in North Carolina.

"12. That a judgment was entered in Superior Court of Los Angeles County, California, in the aforesaid divorce action, on March 16, 1953; said judgment declared that plaintiff was not entitled to a decree of divorce, but said judgment granted intervenor an interlocutory decree of divorce from plaintiff; and said judgment declared plaintiff was not but intervenor was 'a fit and proper person to have the care, custody and control of the minor child,' and it awarded custody of said child to intervenor, granting right of visitation to plaintiff and right to plaintiff to have said child visit her in June, July and August each year; and said judgment also provided as follows: 'that until further order of Court said minor child shall remain in the State of North Carolina with the brother and sister-in-law of defendant, Lucius Currin, Jr., and Pauline Currin, at Oxford, North Carolina, except for that period of time said

child is visiting (Joan Hibbs Currin)—in the months of June, July and August at the residence of (Joan Hibbs Currin)—; that said persons, to-wit: Lucius Currin, Jr. and Pauline Currin, are fit and proper persons to have the physical care and custody of said minor child.'

"13. That both plaintiff and intervenor appealed from said judgment, and said appeals were pending until June 1, 1954, on which date opinion of the District Court of Appeal, Second District, Division 1, California, was filed, and said opinion is reported in 'Currin v Currin, 271 Pac 2d 61'; said opinion affirmed the judgment of the Superior Court in all respects; that Superior Court had found as a fact that the residence of intervenor was in California, and the appellate court goes further and declares that his domicile was in California and that California had jurisdiction of the child and could determine his custody.

"14. That Lucius A. Currin, Jr. and Pauline Currin have at no time since March 1, 1952, been in the State of California.

"15. That on May 29, 1953, the Marine Corps transferred intervenor to Newport, Rhode Island, and he has not since that date been in the State of California.

"16. That intervenor has never during his lifetime been in the State of California except while on duty for and under official orders of the United States Marine Corps; he bought a dwelling house in California because of an acute housing shortage for service men and in order that he and his family might have quarters while he was stationed there; his service records have always shown Granville County, North Carolina, as his home; and he is registered for voting in Granville County, North Carolina, and voted there in 1940 and 1952.

"17. That Granville County, North Carolina has at all times been the legal domicile of intervenor, and certainly has been at all times during the pendency of the present action.

"18. That the aforesaid judgment of the Superior Court of Los Angeles County recognized North Carolina as the domicile of Rodney Alan Currin by attempting to award his physical custody to defendants herein, at Oxford, North Carolina.

"19. That the Superior Court of Los Angeles County, California, made the decree of divorce final on December 16, 1953; and plaintiff is now married to Dr. Gregory Hoskins.

"20. That on October 4, 1954, on motion of plaintiff, the Superior Court of Los Angeles County, California, made an order modifying its former judgment, finding plaintiff to be a fit and proper person to have the custody of said Rodney Alan Currin, and awarding his care and custody to plaintiff with right of visitation to intervenor. Notice of the motion was served on intervenor's attorney of record, who sent same to intervenor, and intervenor sent a counter-affidavit but did not personally appear.

"21. That plaintiff filed her petition in the instant cause in the Superior Court of Granville County on October 11, 1954, under the provisions of Section 50-13 of the General Statutes of North Carolina; summons was personally served on the defendants on October 14, 1954; defendants filed answer October 21, 1954; upon motion, Ralph Hicks Currin, was allowed to intervene and filed answer October 25, 1954.

"22. That plaintiff, Joan Hibbs Hoskins, is not a fit and proper person to have the unqualified custody of Rodney Alan Currin, minor.

"23. That the intervenor, Ralph Hicks Currin, is a man of excellent character, good habits and conduct, and is a fit and suitable person to have the care, custody and control of the minor, Rodney Alan Currin, but because of the frequent changes of residence required by his service in the Marine Corps, it is not to the best interest of said minor that unqualified physical custody of said child be awarded to said intervenor.

"24. That the defendants, Lucius A. Currin, Jr. and Pauline Currin, are fit, suitable and proper persons to have the care, custody and control of the minor, Rodney Alan Currin, their nephew; that the home of said defendants is modern, comfortable and commodious; that defendants are of excellent character, and have given and are giving said minor such instruction, and are setting for him such examples, as to promote the wholesome development of said minor and instill in him social, moral and religious principles, and defendants are giving to said minor such care and affection as to promote his best welfare, interest and development.

"DECREED:

"(1) That this Court, in passing upon the care, custody and control of Rodney Alan Currin, infant son of plaintiff and the intervenor, is not bound by or required to give effect to the judgments and orders of the courts of California hereinbefore referred to.

"(2) That the plaintiff's petition to be awarded the care, custody and control of the said Rodney Alan Currin is hereby denied.

"(3) That the care, custody and control of the said Rodney Alan Currin is hereby awarded to the defendants, Lucius A. Currin, Jr. and wife, Pauline Currin.

"(4) That plaintiff and the intervenor are hereby given the right and privilege of visiting the said Rodney Alan Currin on any day, at reasonable hours, and of taking the said Rodney Alan Currin on trips or for rides outside the home of said defendants, but within the State of North Carolina; and these rights and privileges shall not be denied by said defendants; but the defendants may impose any or all of the following restrictions upon said rights and privileges:

"(a) That upon said visits plaintiff or intervenor shall be unaccompanied; and

"(b) The said Rodney Alan Currin shall not be taken on a trip or for a ride unless accompanied by a law enforcement officer of Granville County, North Carolina, or of the City of Oxford, North Carolina.

"(5) This cause is retained and held open for further motions, proceedings and orders.

"This October 29, 1954."

The plaintiff excepts to certain of the foregoing findings of fact, conclusions of law, and to the judgment entered, and appeals to the Supreme Court.

*Wright T. Dixon, Jr., for plaintiff.*
*Royster & Royster for defendants and intervenor.*

DENNY, J.   The appellant challenges the validity of the judgment entered below on the ground that the courts of North Carolina are bound by the full faith and credit clause of the Constitution of the United States, Article IV, Section 1, to recognize and enforce the modified decree of the California court.   Therefore, she takes the position that the court below was bound by the findings of the California court with respect to her present fitness to have the care and custody of Rodney Alan Currin, and that it was error to admit any evidence to establish facts contrary to those found by the California court in the modified decree.   We do not concur in this view.

The decisions in this country are well-nigh hopelessly in conflict with respect to the extraterritorial effect that should be given to judgments awarding the custody of children.   9 A.L.R. 2d Anno.—Custody Award —Child Outside of State, page 434; 4 A.L.R. 2d Anno.—Custody of Child—Jurisdiction, page 25; 27 C.J.S., Divorce, section 333 (c), page 1299.   However, the decisions in this jurisdiction are to the effect that regardless of what the court of a sister State may decree with respect to custody, if the child involved in such decree becomes a resident of this State, our courts are not without authority to hear and determine questions of custody and welfare when properly raised.   *Gafford v. Phelps,* 235 N.C. 218, 69 S.E. 2d 313; *In re Biggers,* 228 N.C. 743, 47 S.E. 2d 32; *In re DeFord,* 226 N.C. 189, 37 S.E. 2d 516; *In re Ogden,* 211 N.C. 100, 189 S.E. 119; *Burrowes v. Burrowes,* 210 N.C. 788, 188 S.E. 648; *In re Alderman,* 157 N.C. 507, 73 S.E. 126, 39 A.L.R. (N.S.) 988.   See also *Elliott v. Elliott,* 181 Ga. 545, 182 S.E. 845; *Boardman v. Boardman,* 135 Conn. 124, 62 A. 2d 521; *Gilman v. Morgan,* 158 Fla. 605, 29 So. 2d 372; *Boor v. Boor,* 241 Iowa 973, 43 N.W. 2d 155.   *Cf. In re Application of Reed,* 152 Neb. 819, 43 N.W. 2d 161; *Byers v. Superior Court,* 61 Ariz. 284, 148 P. 2d 999, and *Dawson v. Dawson,* Mo. App., 241 S.W. 2d 725.

In light of the finding of the court below that North Carolina is the legal domicile of the intervenor who has had the legal custody of Rodney Alan Currin since 16 March, 1953; and the further fact that he has been in the physical custody of the defendants in Granville County, North Carolina, since the 2nd day of March, 1952, which antedates the institution of the California action, we hold the California decree is not binding on the courts of this State.

An action which relates to the custody of a child is in the nature of an *in rem* proceedings. Therefore, the child is the *res* over which the court must have jurisdiction before it may enter a valid and enforceable order. *Coble v. Coble,* 229 N.C. 81, 47 S.E. 2d 798. *Cf. McRary v. McRary,* 228 N.C. 714, 47 S.E. 2d 27.

We have carefully examined all of the pertinent findings of fact by the court below and they are supported by competent evidence. Hence, the order of custody from which the plaintiff appeals, is in all respects

Affirmed.