ROXANNA DANIEL RICHTER v. CARL M. HARMON, JR.

(Filed 13 January, 1956.)

1. **Constitutional Law § 28: Divorce § 21—**

   The decree of a court of competent jurisdiction awarding the custody of a minor child of the marriage in an action for divorce is binding on our courts under the Full Faith and Credit Clause of the Federal Constitution, and ordinarily only the courts of the state rendering the decree have jurisdiction to amend or modify it.

2. **Same—**

   Where decree awarding custody of the minor child of the marriage is entered in a divorce action in another state by a court of competent jurisdiction obtaining jurisdiction of defendant by publication, but subsequent thereto plaintiff moves to another state, and the minor child thereafter visits her father in this State, the courts of the state in which the divorce decree was entered no longer have jurisdiction and can make no modification of its custody decree that would have any extraterritorial effect, and therefore the custody decree may be modified for change of conditions transpiring subsequent to its rendition by the courts of a state acquiring jurisdiction of the child.

3. **Domicile § 3—**

   Where the mother of a minor child is awarded its custody in a divorce action, the domicile of the child is that of the mother.

4. **Infants § 21—**

   Any action as it relates to the custody of a child is in the nature of an *in rem* proceeding, and the child must be present in the State and within

the jurisdiction of a court of competent jurisdiction before such court may render a valid decree awarding its custody.

**5. Same—**

The courts of the state in which an infant is residing have jurisdiction to determine the right to its custody even though the domicile of the child be elsewhere.

**6. Same: Divorce § 21—Court of state of child's residence may modify custody decree for changed conditions when state rendering decree has lost jurisdiction.**

A decree of divorce was entered by a court of competent jurisdiction having jurisdiction of the parties, awarding the custody of the child of the marriage to its resident mother. Thereafter, the mother moved to another state, and the father of the child, with the consent of the mother, brought the child to his residence in this State. *Held:* The custody decree is entitled to full faith and credit and is conclusive so long as the circumstances attending its rendition remain the same, but has no controlling effect as to facts and conditions arising subsequent to its rendition, and therefore, in a special proceeding instituted in this State by the mother to enforce the custody decree, in which respondent alleges facts transpiring subsequent to the decree, and asserts that petitioner is not a proper and suitable person to have custody of the child, the court has jurisdiction to determine whether or not conditions and circumstances have so changed since the entry of the custody decree as to justify, in the best interest of the child, the awarding of the custody of the child to respondent.

**7. Infants § 22—**

The courts of this State will not hesitate to award the custody of a minor child to a nonresident parent if it is found that it will be for the best interest of the minor child to do so.

APPEAL by respondent from *Carr, J.,* in Chambers at Graham, North Carolina, 4 June, 1955. From ALAMANCE.

This is an action instituted in the Superior Court of Alamance County by the petitioner pursuant to G.S. 50-13 whereby she seeks to enforce a Florida decree, entered in conjunction with a divorce decree, for the custody of Roxanne Adrienne Harmon.

The pertinent findings of the court below are as follows:

1. The petitioner and respondent were married in Nashville, Tennessee, on 22 December, 1945, and moved to the State of Florida to live in September 1947 where they lived together as husband and wife until on or about 2 January, 1953.

2. The petitioner is a native of Florida and the respondent is a native North Carolinian, and the only child born of their marriage was Roxanne Adrienne Harmon, who was born in Florida on 13 April, 1952, while her parents were actually and legally residing in that State.

3. On or about 2 January, 1953, the respondent separated himself from the petitioner and their minor child while living in Gainesville,

Florida, and returned to North Carolina where he obtained employment. He still resides in North Carolina and is employed in the City of Burlington.

4. About 2 February, 1953, the petitioner came to Burlington, North Carolina, and lived with the respondent in the home of his parents. During this time the minor child was living in Florida with petitioner's mother. The petitioner and respondent went to Florida on or about 16 February, 1953, and brought the child to North Carolina. The petitioner and child resided in respondent's home for two days when the petitioner had an argument with the parents of her husband and took the child and returned to Florida where she established her residence at Melbourne. She obtained employment with the United States Government and supported herself and child.

5. The petitioner instituted an action for absolute divorce against the respondent in the Circuit Court of Brevard County, Florida, on 21 August, 1953, in which she prayed for the custody and care of the minor child born of the marriage. The court was one of competent jurisdiction.

6. The petitioner advised the respondent by registered mail of the pendency of the divorce action, and the Clerk of the Circuit Court for Brevard County, Florida, mailed a copy of the Bill of Complaint and Notice to Appear in said action to respondent at 153 E. Holt Street, Burlington, North Carolina, which were received by the respondent. The respondent was not personally served but was lawfully served by publication.

7. The respondent failed to answer or demur to the Bill of Complaint in said divorce action and on 13 October, 1953, a decree was rendered in said action granting an absolute divorce to the petitioner and awarding her the exclusive custody of Roxanne Adrienne Harmon.

8. The respondent has taken no action to have the Florida divorce decree vacated or modified in any respect and the decree has not been modified.

9. The respondent has remarried and is now living in Burlington, North Carolina, with his second wife.

10. In April 1954 petitioner went to Washington, D. C., for the purpose of seeking employment there, and left her child with her mother in Florida. The early part of May 1954, petitioner called the respondent over the telephone and stated to him that she was seeking employment in the Washington and Baltimore area and would be willing for him to have the child visit him in Burlington for a short time while she was getting located either in Washington or Baltimore, and advised him that she would instruct her mother in Florida to let him have the child for a visit. Respondent went to Florida and got the child from her grandmother and brought her to North Carolina the latter part of May

1954, and the child has remained in his home since that time. The petitioner has made formal request for the surrender of the child but the respondent refuses to do so.

11. The petitioner married Charles B. Richter on 4 February, 1955, with whom she now resides in Baltimore, Maryland.

12. Since the rendition of the divorce decree in the Florida court, referred to hereinabove, the petitioner and the minor child in controversy have not been residents of the State of North Carolina, neither have they been domiciled in this State.

From the foregoing findings of fact the court held that the decree of the Florida court should be accorded full faith and credit in this State, pursuant to our Federal Constitution, and entered judgment directing the respondent to surrender Roxanne Adrienne Harmon to petitioner. The respondent appeals, assigning error.

*H. Clay Hemric for petitioner, appellee.*
*Carroll & Pickard for respondent, appellant.*

DENNY, J. If the petitioner were still a citizen and resident of the State of Florida the decree in that State awarding the custody of the minor child, Roxanne Adrienne Harmon, to her would be binding on our courts under the full faith and credit clause of the Constitution of the United States. *Allman v. Register,* 233 N.C. 531, 64 S.E. 2d 861; *Sadler v. Sadler,* 234 N.C. 49, 65 S.E. 2d 345.

In the *Allman case* we said: "It appears that the Virginia Court had jurisdiction over the parties to this proceeding, including the minor children involved, at the time the plaintiff's divorce decree was granted and she was awarded the full care and custody of her children. Therefore, so long as the plaintiff and her children are domiciled in that State, and the decree awarding her the custody of her children remains unmodified, such decree is binding on our courts under the full faith and credit clause of the Constitution of the United States. *In re Biggers,* 228 N.C. 743, 47 S.E. 2d 32; *McMillin v. McMillin,* 114 Col. 247, 158 P. 2d 444, 160 A.L.R. 396; *Cole v. Cole,* 194 Miss. 292, 12 So. 2d 425; *Parsley v. Parsley,* 189 La. 584, 180 So. 417; *Fraley v. Martin* (Tex. Civ. App.), 168 S.W. 2d 536; *Ex Parte Mullins,* 26 Wash. 2d 419, 174 P. 2d 790; 27 C.J.S., Divorce, Sec. 328, p. 1284. And the only forum in which the decree awarding custody of these children to the plaintiff may be amended or modified, is the court in which the decree was entered. *Howland v. Stitzer,* 231 N.C. 528, 58 S.E. 2d 104."

In the instant case, however, the petitioner is no longer a resident of the State of Florida but a citizen and resident of the State of Maryland. The Florida court no longer has jurisdiction of the petitioner, the

respondent, or of the minor child whose custody was awarded to the petitioner herein. Consequently, that court, under the circumstances, could make no modification of its custody decree that would have any extraterritorial effect, *In re Alderman*, 157 N.C. 507, 73 S.E. 126, 39 L.R.A. (N.S.) 988, thereby preventing the courts of another State from making a new disposition of the child on a change of circumstances showing such course essential to the child's best interest. *McMillin v. McMillin*, 114 Col. 247, 158 P. 2d 444, 160 A.L.R. 396; *Milner v. Gatlin* (1924 Tex.), 261 S.W. 1003; *Goldsmith v. Salkey*, 131 Tex. 139, 112 S.W. 2d 165, 116 A.L.R. 1293; *Sanders v. Sanders*, 223 Mo. App. 834, 14 S.W. 2d 458; *Dorman v. Friendly*, 146 Fla. 732, 1 So. 2d 734; 27 C.J.S., Divorce, Section 329, page 1284; 17 Am. Jur., Divorce and Separation, section 688, page 521; Anno. 4 A.L.R. 2d 85. The decree of divorce, however, is valid and the change of domicile did not divest such decree of the right to full faith and credit in a sister State. *In re Biggers*, 228 N.C. 743, 47 S.E. 2d 32; *S. v. Williams*, 224 N.C. 183, 29 S.E. 2d 744; *Williams v. North Carolina*, 317 U.S. 287, 87 L. Ed. 279. Even so, the minor child has a rather unusual status at the present time. Her parents having been divorced, and her custody awarded to the mother, the petitioner, her domicile must be conceded to be that of her mother who is domiciled in the State of Maryland. *Allman v. Register, supra.* However, Roxanne Adrienne Harmon has never been in Maryand. Therefore, the courts of that State do not have and never have had any jurisdiction over her. *Gafford v. Phelps*, 235 N.C. 218, 69 S.E. 2d 313; *Sadler v. Sadler, supra; Coble v. Coble*, 229 N.C. 81, 47 S.E. 2d 798; *Burrowes v. Burrowes*, 210 N.C. 788, 188 S.E. 648. Domicile alone cannot confer jurisdiction over the person. Any action as it relates to the custody of a child is in the nature of an *in rem* proceeding, and the child must be present in the State and within the jurisdiction of a court of competent jurisdiction before such court may render a valid decree awarding its custody. *Hoskins v. Currin*, 242 N.C. 432, 88 S.E. 2d 228; *Coble v. Coble, supra; Burrowes v. Burrowes, supra.*

The minor child in controversy in this proceeding has resided in the home of her father in this State since the latter part of May 1954. According to the petition filed herein, she was brought into this jurisdiction with the consent of the petitioner and at her suggestion. It is true, according to the finding of the court below, the petitioner intended that the child should live with the respondent only until such time as she secured employment and got located in the Washington-Baltimore area, at which time it was understood that the child would be returned to her. But the fact that the respondent failed to return the child to the petitioner makes it necessary for us to determine whether the presence of the child in this State since May 1954 is sufficient to give the courts of

the State jurisdiction to determine the question of her custody in light of the allegations in the answer to the petition to the effect that the petitioner is not a fit or suitable person to have the custody of the child.

The petitioner bases her claim to custody solely on the Florida decree and insists that we must give full faith and credit to that decree. For the reasons heretofore stated, we do not concur in that view except as to the circumstances and conditions existing when the decree was entered. On the other hand, the respondent in his answer to the petition alleges that he went to Florida in May 1954 and got the minor child, Roxanne Adrienne Harmon, who had been abandoned and deserted by her mother; that he never, at any time, promised to return the child to the petitioner. He further alleges that by reason of the things set out in his answer that the "petitioner has fully and completely demonstrated the fact that she is incapable and incompetent and that she is not a fit, proper nor suitable person to have the care and custody of the minor child . . ."

In 43 C.J.S., Infants, section 5, page 52, et seq., it is said: "Jurisdiction to control, and determine and regulate the custody of, an infant is in the courts of the state where the infant legally resides, and the courts of another state are without power in the premises, and cannot obtain jurisdiction for such purpose over persons temporarily within the state. However, if the child is actually within the jurisdiction of the court, the court may determine claims as to his custody, although his legal domicile is elsewhere, and regardless of the domicile of its parents . . ."

In the case of Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624, 40 A.L.R. 937, Cardozo, J., in speaking for the Court, said: "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. Woodworth v. Spring, 4 Allen, 321, 323; White v. White, 77 N.H. 26, 86 Atl. 353; Hanrahan v. Sears, 72 N.H. 71, 72, 54 Atl. 702; Re Hubbard, 82 N.Y. 90, 93. For this, the residence of the child suffices, though the domicile be elsewhere." Bragassa v. Bragassa, 197 Ga. 140, 28 S.E. 2d 133; People ex rel. Noonan v. Wingate, 376 Ill. 244, 33 N.E. 2d 467; Wear v. Wear, 130 Kan. 205, 285 P. 606, 72 A.L.R. 425; Sheehy v. Sheehy, 88 N.H. 223, 186 A. 1, 107 A.L.R. 635; Wicks v. Cox, 146 Tex. 498, 208 S.W. 2d 876, 4 A.L.R. 2d 1; Anno. 4 A.L.R. 2d, section 24, page 41; 27 Am. Jur., Infants, section 105, page 827.

We hold that since the minor child had been a resident of North Carolina for almost a year prior to the institution of this proceeding, coupled with the further fact that the petitioner, who had heretofore been given custody of the child by a court of competent jurisdiction in another State, came into this State and invoked the jurisdiction of our courts

and instituted this proceeding, the court in which she instituted the proceeding does have jurisdiction of the child and may consider any change or circumstances that have arisen since the entry of the Florida decree on 13 October, 1953, and to determine what is for the best interest of the child and to award custody accordingly. But, in disposing of the custody of the minor child in controversy, the Florida decree awarding her custody to the petitioner is entitled to full faith and credit as to all matters existing when the decree was entered and which were or might have been adjudicated therein. It is said in 17 Am. Jur., Divorce and Separation, section 688, page 522: ". . . where a decree of divorce fixing the custody of the children of the marriage is rendered in accordance with the laws of another state by a court of competent jurisdiction, such decree will be given full force and effect in other states as long as the circumstances attending the rendition of the decree remain the same. The decree has no controlling effect in another state as to the facts and conditions arising subsequent to its rendition." *In re Cameron's Guardianship,* 66 Cal. App. 2d 884, 153 P. 2d 385; *Freund v. Burns,* 131 Conn. 380, 40 A. 2d 754; *Boone v. Boone,* 132 F. 2d 14; *Drake v. Drake,* 187 Ga. 573, 1 S.E. 2d 573; *Kniepkamp v. Richards,* 192 Ga. 509, 16 S.E. 2d 24; *Callahan v. Callahan,* 296 Ky. 444, 177 S.W. 2d 565; *Cole v. Cole,* 194 Miss. 292, 12 So. 2d 425; *Hachez v. Hachez,* 124 N. J. Eq. 442, 1 A. 2d 845; *In re Jiranek,* 267 App. Div. 607, 47 N.Y.S. 2d 625; *Miller v. Schneider* (1943 Tex. Civ. App.), 170 S.W. 2d 301; *Sheehy v. Sheehy, supra;* Nelson on Divorce and Annulment, 2nd Ed., section 33.66, page 567, *et seq.;* Anno. 72 A.L.R. 442; 116 A.L.R. 1300; 160 A.L.R. 400.

The courts of this State will not hesitate to award the custody of a minor child to a nonresident parent if it is found that it will be for the best interest of the minor child to do so. *Griffith v. Griffith,* 240 N.C. 271, 81 S.E. 2d 918.

The judgment entered below is set aside and this cause remanded for further hearing to the end that it may be determined whether or not conditions and circumstances have so changed since the entry of the Florida decree that it will be for the best interest of Roxanne Adrienne Harmon to be placed in the custody of the respondent. If no change of condition is found to have occurred, justifying the change of custody, the petitioner will be entitled to an order in accord with the Florida decree.

In view of the conclusion we have reached, the parties to this proceeding may desire to recast their pleadings, and they will be permitted to do so if so advised.

Error and remanded.