IN RE CUSTODY OF WILLIAM ROBERT CRAIGO AND DEBORAH CRAIGO, INFANT CHILDREN.

(Filed 15 December, 1965.)

1. **Divorce and Alimony § 24—**
    An order entered in a divorce action awarding custody of the children of the marriage to the father to preserve the *status quo* pending the determination of the matter upon the final hearing is an interlocutory order.

2. **Divorce and Alimony § 25; Constitutional Law § 26—**
    Interlocutory order awarding the custody of the children of the marriage to the husband was entered in his action for divorce in the state of his residence. Thereafter the wife obtained an absolute divorce in another state. The husband recognized this divorce by remarrying, and no further proceedings were had in his action. *Held:* The courts of this State are not bound to give the foreign order of custody any greater effect than it has in the state in which rendered, and the interlocutory order does not pre-

clude our courts from awarding the custody of the children in a *habeas corpus* proceeding in which all of the parties appear.

**3. Habeas Corpus § 3—**

Our court has jurisdiction of a *habeas corpus* proceeding instituted here by grandparents in which the children, then residing in the county, are brought before the court, and in which the parents appear, even though the children were forcibly taken by their mother from their father's residence in another state.

**4. Same—**

In *habeas corpus* proceedings, the court's findings, supported by the evidence, that neither parent is a suitable person to have the custody of the children and that the petitioners, grandparents, are suitable persons, and that the best interest of the children require that their custody be awarded petitioners, support the court's order to this effect.

APPEAL from *Martin, S.J.,* June, 7, 14, and 21, 1965 Session, BUNCOMBE Superior Court.

This proceeding originated by verified petition of Robert M. Cloer and wife, Mary E. Cloer, filed December 28, 1964, praying that a writ of *habeas corpus* issue commanding the Sheriff to bring before the court William Robert Craigo, age 6, and Deborah Craigo, age 4, children of Carl Craigo and Pearl Cloer Craigo Hunter, (grandchildren and daughter of the petitioners) and have the court award custody of the infants to the petitioners; that the petitioners are able and willing to care for the children in an ample manner; that neither of the parents is a suitable person for custody or has a comfortable home for the infants. The petition recites, in detail, the facts showing the fitness of the petitioners and the unfitness of the parents for custody.

The writ issued and pursuant thereto the children were brought before the court. The inquiry was continued for hearing January 25, 1965; again continued and heard before Martin, S.J., at the June Session. Carl Craigo, father, intervened and demanded that the children be awarded to him as father upon the basis of a temporary custody order entered by the Superior Court of Gilmer County, Georgia, in his divorce proceeding against Pearl Craigo. Judge Martin found (1) the petitioners were proper custodians for the children, well able to care for them; (2) neither of the parents was a suitable custodian; (3) the welfare of the children required that their custody be awarded to the petitioners; (4) that the Superior Court of North Carolina is not bound by the Georgia decree. Carl Craigo appealed.

*Gudger & Erwin by Lamar Gudger for petitioner appellees.*
*Uzzell & DuMont by Robert D. Lewis for respondent appellant.*

HIGGINS, J. The evidence supports Judge Martin's findings (1) the petitioners are fit and suitable persons to have the custody of their grandchildren; (2) the father and mother of the children are unfit for such custody; (3) the welfare of the children will be best served by placing them in the custody of the petitioners. While the father apparently objects to the finding that he is not a suitable custodian, however he places his main reliance for reversal of the order on the ground that the Superior Court of Gilmer County, Georgia, where he resides, where he instituted a divorce proceeding on July 24, 1964, and where the children were domiciled, had entered an order giving him their custody.

The evidence upon which Judge Martin made his findings of fact and conclusions of law disclosed that both parents were unfit persons to have the custody of the infants. The appellant does not challenge the sufficiency of the evidence to support these findings of fact. We refrain, therefore, from discussing the details but record only a few essential and controlling findings. The parents separated in December, 1963. The mother and a man whom she later married took the children to Reno, Nevada. The father and the grandparents (petitioners herein) went to Reno for the children and returned with them to North Carolina where they resided with the grandparents from October 4, 1963 to July 4, 1964. The grandparents have provided much of the support for the children not only during that period, but at other times. However, the appellant took the children to Georgia where his parents live and where he instituted an action for divorce on July 24, 1964. In the divorce proceeding he asked for the custody of the children. The court entered this order: "It is further ordered that the temporary custody of the two minor children of the parties . . . be and is hereby awarded to the plaintiff pending trial of said case. This order being entered by the court . . . for the purpose of maintaining *status quo* between said parties as respects custody of said children, and is not an adjudication of said matter upon the merits . . ."

Within a short time after the entry of the foregoing order, Carl Craigo ascertained his wife had obtained an absolute divorce in Florida where she then resided. In reliance thereon Carl Craigo remarried and now lives on a farm near Ellijay, Georgia. The record fails to disclose any further order in his divorce action in Georgia. However, the evidence and the findings disclose that nine days after the father remarried, the mother of the children and her husband went to the home of the father, and in his absence forcibly took the children and brought them to North Carolina where the mother then lived. The petitioners thereupon instituted this proceeding.

The appellant challenges the authority of the Superior Court of Buncombe County to take jurisdiction of the children's custody, contending the Superior Court of Gilmer County, Georgia, first acquired jurisdiction in the appellant's divorce action and its custody order is binding on the North Carolina courts under the full faith and credit clause of the United States Constitution. The appellant was first sued for divorce by his wife who obtained an absolute divorce dissolving the bonds of marriage between the parties. The appellant recognized the validity of the divorce by his remarriage. Thereafter he did not proceed with his divorce action in Gilmer County, Georgia. The court in Florida did not make a custody award. The court in Georgia made a *status quo* award which states: "(I)s not an adjudication of said matter (custody) upon the merits." Such order prior to a final decree is interlocutory. *Graham v. Graham,* 219 Ga. 193, 132 S.E. 2d 66; *Kniepkamp v. Richards,* 192 Ga. 509, 16 S.E. 2d 24; *Hall v. Hall,* 185 Ga. 502, 195 S.E. 631; *Black v. Black,* 165 Ga. 243, 140 S.E. 364.

The courts of North Carolina are not required to give the custody decrees of other States any greater effect than they have in the State where entered. *In Re Alderman,* 157 N.C. 507, 73 S.E. 126; *In Re Biggers,* 228 N.C. 743, 47 S.E. 2d 32. "The constitutional provision, Article IV, Section 1, requiring full faith and credit to be given to judicial proceedings in sister States does not require North Carolina to treat as final and conclusive an order of a sister State awarding custody of a minor when the Courts of the State making the award can subsequently modify the order or decree." *Cleeland v. Cleeland,* 249 N.C. 16, 105 S.E. 2d 114; *New York v. Halvey,* 330 U.S. 610, 91 L. Ed. 1133; *Morris v. Jones,* 329 U.S. 545, 91 L. Ed. 488.

The Superior Court of Buncombe County, by its writ of *habeas corpus* issued pursuant to G.S. 17-39.1 required that William Robert Craigo and Deborah Craigo, age 6 and 4½, be brought before the Court for the adjudication of their custody. The grandparents, now the petitioners, are residents of the County. Notice was served on the mother who apparently had custody of the infants in North Carolina at the time the writ issued. The father, a resident of Georgia, intervened. In this setting the court had jurisdiction of the children and the parents. The award of custody to the grandparents was based upon abundant findings of fact and a sound conclusion of law. The judgment is

Affirmed.