IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-38

No. COA19-912

Filed 2 March 2021

Moore County, No. 15 CVD 1090

CHERYL HALTERMAN, Plaintiff,

v.

BRADEN HALTERMAN, Defendant.

Appeal by plaintiff from order entered 27 June 2019 by Judge Warren McSweeney in District Court, Moore County. Heard in the Court of Appeals 28 April 2020.

*Chris Kremer, for plaintiff-appellant.*

*Foyles Law Firm, PLLC, by Jody Stuart Foyles, for defendant-appellee.*

STROUD, Chief Judge.

¶ 1   Mother appeals the trial court's order granting Father's Motion under North Carolina Rules of Civil Procedure 12(b)(1) and (6) to dismiss her Petition to Register a foreign child support order. Because Mother's Petition to Register was in substance and in form a petition to register a foreign *custody* order under North Carolina General Statute § 50A-305, not a petition to register a foreign child support order under North Carolina General Statute § 52C-6-602, the trial court did not err by granting Father's Motion to Dismiss.

## I. Procedural and Factual Background

Mother and Father had two children during their marriage. In 2008, the parties were divorced in Broward County, Florida. In their Florida divorce proceedings, the parties entered into a Marital Settlement Agreement which was later adopted by the court as a court order. The 2008 Marital Settlement Agreement ("2008 Order") resolved all of the parties' claims related to their marriage, including child custody, child support, alimony, and equitable distribution. In 2009, the Florida court entered an "Agreed Final Order on Former Husband's Supplemental Petition for Modification of Final Judgment" ("2009 Order") which modified Father's child support obligation and provided that "should [Father] become incarcerated in Federal Prison, the child support award shall be abated until he has been released." In 2012, the Florida court entered an "Agreed Final Order on the Former Wife's Supplemental Petition to Permit Relocation with Minor Children" ("2012 Order") which allowed Mother to "relocate on a permanent basis" to North Carolina and "defers on the issues of child support and timesharing until such time as [Father] is released from [incarceration]."

On 20 August 2015, Father filed a "Complaint, Motion to Register A Foreign Order and Motion to Modify Child Custody," which included a motion to register the two Florida orders regarding custody, the 2008 Order and the 2012 Order, in North Carolina, and a motion to modify child custody. The motion to modify child custody

alleged that Father had been released from incarceration and the parties had been unable to agree on a new visitation schedule. The Complaint alleged grounds to register the 2008 and 2012 custody orders under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). The Complaint also included allegations regarding North Carolina's modification jurisdiction under the UCCJEA. The Complaint alleged that Father is a citizen and resident of the Commonwealth of Virginia, while Mother and the children reside in North Carolina.

¶ 4     Four days later, Mother filed a "Petition to Register Foreign Child Custody and Support Order" ("Petition to Register"). The Petition to Register stated it was filed under "N.C.G.S. 50A-305(a), petitioning this Court to register a foreign custody Order." Mother's Petition to Register included all three Florida orders, including the 2009 Order. The allegations of the Petition to Register track the requirements of North Carolina General Statute § 50A-305(a), including that Father was a citizen and resident of Virginia; Mother and the children were residents of North Carolina; details regarding the Florida orders entered in 2008, 2009, and 2012; and that the custody provisions of those orders had not been changed. Certified copies of the orders were attached, and her Petition to Register was verified. She requested only to register the "attached foreign orders" but did not assert any requests for modification or enforcement. Mother also filed a "Notice to Register of Foreign Child Custody and Support Orders." The Notice states that Mother "gives Notice that the

Registration of the Foreign Custody Order entered the 14 October 2008, in the County of Broward, State of Florida" and cites North Carolina General Statute § 50A-305 as statutory authority. The Notice tracks the statutory language required for registration of a foreign child *custody* order under the UCCJEA.

¶ 5 On 8 September 2015, Father filed a "Motion to Dismiss [Mother's] Claim to Register the Foreign Child Support Order" ("Motion to Dismiss"). Father moved to dismiss the Petition to Register under Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a cause of action upon which relief may be granted, and for failure to meet the requirements of North Carolina General Statute § 52C-6-602. Father alleged that he is a resident of Virginia, and he has never resided in North Carolina. He alleged that North Carolina General Statute § 52C-6-602(a) "requires the registration of a Support Order to be in the county where the obligor resides" and the Petition to Register failed to meet other requirements of North Carolina General Statute § 52C-6-602.

¶ 6 On 22 September 2015, the trial court entered an "Order Registering a Foreign Child Custody Order" ("Registration Order"). The Registration Order was entered by agreement of the parties and was based upon the UCCJEA. The Registration Order finds that the 2012 Order "anticipated the minor children moving to North Carolina and releasing jurisdiction to North Carolina" and Mother and minor

children had been residing in North Carolina more than six months preceding Father's motion for modification of custody.

¶ 7        On 18 February 2016, the parties entered into a Child Custody Order by consent ("2016 Consent Order"), granting the parties joint custody, with primary custody to Mother and setting out a detailed visitation schedule for Father.  The 2016 Consent Order also included a provision that "This Order fully resolves all pending matters in Moore County File Numbers: 15 CVD 1078 and 15 CVD 1090."  But the trial court did not address Father's Motion to Dismiss Mother's claim to register a foreign child support order.

¶ 8        On 2 January 2019, Father filed a motion to activate the case and a Rule 60 Motion requesting the trial court strike the language in the 2016 Consent Order stating that "this resolves all pending issues" in the case, since his Motion to Dismiss had not been resolved.  Mother did not oppose Father's Rule 60 Motion and the trial court entered an order allowing the motion and striking the language regarding full resolution of all claims, as Father's Motion to Dismiss had never been addressed.

¶ 9        On 21 May 2019, the trial court heard Father's Motion to Dismiss.  On 27 June 2019, the trial court entered an order allowing Father's Motion to Dismiss based upon "Rules 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure and NCGS 52(c)-6-602."  Specifically, the trial court concluded, "The pleading is insufficient to register a foreign Child Support Order.  This Court lacks subject matter jurisdiction

and said petition fails to state a cause of action upon which relief can be granted." Mother timely filed notice of appeal from the 27 June 2019 Order allowing Father's Motion to Dismiss.

## II.      Standard of Review

This Court reviews an order allowing a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted *de novo*. *Johnson v. Antioch United Holy Church, Inc.*, 214 N.C. App. 507, 510, 714 S.E.2d 806, 809 (2011) (noting the standard of review for lack of subject matter jurisdiction); *Birtha v. Stonemor, N.C., LLC*, 220 N.C. App. 286, 291, 727 S.E.2d 1, 6 (2012) (providing the standard of review for failure to state a claim upon which relief can be granted).

## III.     Registration of Foreign Order

The arguments of both parties conflate the statutory requirements for registration of a foreign support order and the jurisdictional issues arising from modification or enforcement of a foreign support order.  Normally, when a support order is registered, the obligee or a child support enforcement agency is seeking to enforce the order, or a party is seeking modification of the order.  *See* N.C. Gen. Stat. § 52C-6-609.  Here, Mother sought only to register the three Florida orders.  No issue as to modification or enforcement was raised by either party.  Father's Motion to Dismiss raised a defense based on the failure of Mother's Petition to Register to meet

the requirements of North Carolina General Statute § 52C-6-602 for registration of a

foreign support order. Thus, we first address the issue of whether Mother's Petition

to Register Foreign Child Custody and Support Order substantially complied with

North Carolina General Statute § 52C-6-602.

¶ 12        North Carolina General Statute § 52C-6-602 sets out the requirements for

registration of a foreign support order in North Carolina:

> (a) Except as otherwise provided in G.S. 52C-7-706, a
> support order or income-withholding order of another state
> or a foreign support order may be registered in this State
> by sending the following records to the appropriate
> tribunal in this State:
>> (1) A letter of transmittal to the tribunal
>> requesting registration and enforcement;
>> (2) Two copies, including one certified copy, of
>> the order to be registered, including any
>> modification of the order;
>> (3) A sworn statement by the person
>> requesting registration or a certified
>> statement by the custodian of the records
>> showing the amount of any arrearage;
>> (4) The name of the obligor and, if known:
>>> a. The obligor's address and
>>> social security number;
>>> b. The name and address of the
>>> obligor's employer and any other
>>> source of income of the obligor;
>>> and
>>> c. A description and the location
>>> of property of the obligor in this
>>> State not exempt from
>>> execution; and
>> (5) Except as otherwise provided in G.S. 52C-3-311,
>> the name and address of the obligee and, if

> applicable, the person to whom support payments are to be remitted.
>
> (b) On receipt of a request for registration, the registering tribunal shall cause the order to be filed as an order of another state or a foreign support order, together with one copy of the documents and information, regardless of their form.
>
> (c) A petition or comparable pleading seeking a remedy that must be affirmatively sought under other law of this State may be filed at the same time as the request for registration or later. The pleading must specify the grounds for the remedy sought.
>
> (d) If two or more orders are in effect, the person requesting registration shall do each of the following:
>
>> (1) Furnish to the tribunal a copy of every support order asserted to be in effect in addition to the documents specified in this section.
>>
>> (2) Specify the order alleged to be the controlling order, if any.
>>
>> (3) Specify the amount of consolidated arrears, if any.
>
> (e) A request for a determination of which is the controlling order may be filed separately or with a request for registration and enforcement or for registration and modification. The person requesting registration shall give notice of the request to each party whose rights may be affected by the determination.

N.C. Gen. Stat. § 52C-6-602 (2019).

¶ 13 Here, the Petition to Register was filed directly by Mother and was not initiated by the Florida court. Direct registration is allowed under North Carolina General Statute § 52C-3-301:

> An individual petitioner or a support enforcement agency may initiate a proceeding authorized under this Chapter

> by filing a petition in an initiating tribunal for forwarding
> to a responding tribunal or by filing a petition or a
> comparable pleading directly in a tribunal of another state
> or a foreign country which has or can obtain personal
> jurisdiction over the respondent.

N.C. Gen. Stat. § 52C-3-301(c) (2019). North Carolina General Statute § 52C-6-605

also requires that the "nonregistering party," here Father, be notified of the

registration and of his right to contest it:

> (a) When a support order or income-withholding order
> issued in another state or a foreign support order is
> registered, the registering tribunal of this State *shall*
> notify the nonregistering party. The notice must be
> accompanied by a copy of the registered order and the
> documents and relevant information accompanying the
> order.
> (b) A notice *must* inform the nonregistering party:
>    (1) That a registered order is enforceable as of the
>        date of registration in the same manner as an
>        order issued by a tribunal of this State.
>    (2) That a hearing to contest the validity or
>        enforcement of the registered order must be
>        requested within 20 days after notice, unless
>        the registered order is under G.S. 52C-7-707;
>    (3) That failure to contest the validity or
>        enforcement of the registered order in a
>        timely manner will result in confirmation of
>        the order and enforcement of the order and
>        the alleged arrearages; and
>    (4) Of the amount of any alleged arrearages.

N.C. Gen. Stat. § 52C-6-605 (2019) (emphasis added).

¶ 14        Mother does not attempt to argue that her Petition to Register, which was in

both form and substance a petition for registration of a child *custody* order under the

UCCJEA, was fully compliant with the requirements of North Carolina General Statute § 52C-6-602. Nor was Father provided with the notice required by North Carolina General Statute § 52C-6-605. Mother contends that "a fair examination" of the Petition to Register "under the *Twaddell* substantial compliance standard" supports her argument that she met the requirements of North Carolina General Statute § 52C-6-602 to register the Florida orders as child support orders.

¶ 15 In *Twaddell v. Anderson*, the mother resided in California and sought to enforce a California child support order against the father, who resided in North Carolina. 136 N.C. App. 56, 58, 523 S.E.2d 710, 713 (1999). After a complex procedural history of the mother's efforts to enforce the order in North Carolina through the child support enforcement agency, the father was held in contempt for non-payment, and he challenged the registration of the California order based upon technical deficiencies in the information transmitted from California. *Id.* at 58-59, 523 S.E.2d at 713. The trial court granted his motion to dismiss, and this Court reversed, finding substantial compliance with the requirements for registration of the California order under North Carolina General Statute § 52C-6-602:

> Plaintiff contends she was in substantial compliance with the statute. The provisions in dispute are section 52C-6-602(a)(1), which requires that a registration request include a "letter of transmittal to the tribunal requesting registration and enforcement," and section 52C-6-602(a)(5), which requires that the registration request include the "name and address of the obligee and,

> if applicable, the agency or person to whom support payments are to be remitted." The record indicates that plaintiff submitted a "Registration Statement," which contained the case number, date, and county of the California order; the parties to the action and their respective addresses and employers; and the support amount, date of last payment, and total amount of arrears. The Statement was signed by the Records Custodian in California and notarized, then forwarded to the Craven County Clerk of Court. We hold that this material is sufficient to satisfy section 52C-6-602(a)(1). Plaintiff's packet also included the name and address of the California agency to which support payments were to be remitted. Although this information may be found only upon a close reading of plaintiff's submitted material, we hold that plaintiff also substantially complied with section 52C-6-602(a)(5). Accordingly, the trial court erred in finding that plaintiff had not met the registration requirements of UIFSA.

*Id.* at 60, 523 S.E.2d at 714.

¶ 16 But a "fair examination" of Mother's Petition to Register here reveals that it is both in substance and in form a petition to register a foreign custody order under North Carolina General Statute § 50A-305, not a petition to register a foreign child support order under North Carolina General Statute § 52C-6-602. The requirements of these two statutes differ, and for the orders to be registered under the Uniform Interstate Family Support Act ("UIFSA"), the petition must at least substantially comply with North Carolina General Statute § 52C-6-602. Mother's Petition to Register did not request "registration and enforcement" or contain "[a] sworn statement by the person requesting registration or a certified statement by the

custodian of the records showing the amount of any arrearage[.]" N.C. Gen. Stat. § 52C-6-602(a)(1), (3). Therefore, the trial court did not err by granting Father's Motion to Dismiss for failing to state a claim upon which relief can be granted.

IV.     Subject Matter Jurisdiction

¶ 17       Mother also argues that Father submitted to the jurisdiction of the North Carolina court by filing his own petition to register the 2008 Order and the 2012 Order, which included provisions regarding both child custody and support. She contends Father made a "general appearance" in the action and thus cannot challenge jurisdiction.

¶ 18       Here, Mother presents the issue on appeal as personal jurisdiction over Father regarding child support enforcement. Father is a citizen and resident of Virginia, and Mother does not argue there would be any basis for North Carolina to assert personal jurisdiction over him unless he had submitted to the jurisdiction of the court by a general appearance. If personal jurisdiction were the issue and Father had made a general appearance, Mother would be correct: a general appearance would have waived any objection to personal jurisdiction. *Lynch v. Lynch*, 303 N.C. 367, 373, 279 S.E.2d 840, 845 (1981) (making a general appearance before challenging personal jurisdiction waives the right to challenge personal jurisdiction).

¶ 19       But Father did not make a general appearance, and his actions cannot confer subject matter jurisdiction upon the court. His petition specifically sought to register

the orders under the UCCJEA and to modify custody in North Carolina. The trial court has subject matter jurisdiction under the UCCJEA since Mother and the children reside in North Carolina. And Father promptly filed a Motion to Dismiss Mother's Petition to Register, raising his jurisdictional defenses, both personal and subject matter. The issue here is subject matter jurisdiction, which cannot be created by the actions of the parties. *See In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) ("'Jurisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties.' Subject matter jurisdiction 'cannot be conferred upon a court by consent, waiver or estoppel, and therefore failure to . . . object to the jurisdiction is immaterial.'" (alterations in original) (citations omitted)).

¶ 20        Mother last cites to *Marshall v. Marshall*, 233 N.C. App. 238, 757 S.E.2d. 319 (2014) (unpublished), which she contends "shoots down the notion of selective subject matter jurisdiction." She argues that because the Florida orders address both child custody and child support in the same document, North Carolina must have subject matter jurisdiction over the entire matter and cannot have subject matter jurisdiction to enforce or modify just a portion of the order as to child custody. But *Marshall* is inapposite to this case, as it raised no issue of whether the registration of the support order was done properly and no issues regarding enforcement or modification of a child custody order under the UCCJEA. *See Marshall,* 233 N.C. App. 238, 757 S.E.2d. 319.

¶ 21    In *Marshall*, the husband and wife had entered into a marital dissolution agreement, which was adopted as a court order in Tennessee. *Id.* at 238, 757 S.E.2d at 321. The husband then engaged in an extended pattern of harassment against the wife and her former romantic partner and her husband which this Court described as "among the most shocking and extreme that the members of this panel have witnessed in the many divorce—related cases they have reviewed." *Id.* at 238, 757 S.E.2d at 323. The wife obtained domestic violence protective orders against the husband in North Carolina and registered the Tennessee order in North Carolina under UIFSA, and with no objection from the husband, it was registered pursuant to North Carolina General Statute § 52C-6-601, 606 (2013). *Marshall*, 233 N.C. App. 238, 757 S.E.2d at 322.

¶ 22    Here, the issue is whether Mother's Petition to Register the three Florida orders under UIFSA was proper; this case presents no issue of modification or enforcement of the Florida orders, just registration. In addition, *Marshall* did not address any issues of child custody or child support; the support obligations the wife sought to enforce involved "monetary support" the husband was ordered to pay to the wife under the properly registered Tennessee order. *Id.* at 238, 757 S.E.2d at 324-25.

¶ 23    Mother's argument focuses on two sentences, taken out of context, from *Marshall*:

> Defendant cites no authority for the startling proposition that a court might have subject matter jurisdiction over certain paragraphs and provisions of a foreign support order which has been properly registered and confirmed under UIFSA, but lack jurisdiction over other paragraphs and provisions. Nothing in UIFSA even suggests that a properly registered and confirmed foreign support order may only be enforced *in part* by our State's district courts.

*Id.* at 238, 757 S.E.2d at 324.

In *Marshall*, the Court had already noted that the Tennessee order had been properly registered under North Carolina General Statute § 52C-6-606 when the husband failed to contest registration. *Id.* at 238, 757 S.E.2d at 324. In context, the Court was noting that North Carolina had jurisdiction to enforce all of the "monetary support" provisions of the foreign support order after it was properly registered. *Id.* at 238, 757 S.E.2d at 324. There was no issue in *Marshall* involving registration or modification of a child custody order.

Here, Mother's arguments overlook the essential differences in registration of foreign orders under the UCCJEA and UIFSA. For purposes of child custody, the focus is on the residence of the children, and personal jurisdiction over a parent is not required. *See* N.C. Gen. Stat. § 50A-305. For purposes of child support modification and enforcement, the focus is on the residence of the obligor, since the obligee who is seeking enforcement normally registers the order in the state of the obligor's residence so the court will have personal jurisdiction over the obligor. *See* N.C. Gen.

Stat. § 52C-6-611 (2019). The Comments to North Carolina General Statute § 52C-6-611 specifically address this relationship between the UCCJEA and the UIFSA:

>     **UIFSA Relationship to UCCJEA.** Jurisdiction
> for modification of child support under subsections (a)(1)
> and (a)(2) is distinct from modification of custody under the
> federal Parental Kidnapping Prevention Act (PKPA), 42
> U.S.C. § 1738A, and the Uniform Child Custody
> Jurisdiction and Enforcement Act (UCCJEA) §§ 201-202.
> These acts provide that the court of exclusive, continuing
> jurisdiction may "decline jurisdiction." Declining
> jurisdiction, thereby creating a potential vacuum, is not
> authorized under UIFSA. Once a controlling child-support
> order is established under UIFSA, at all times thereafter
> there is an existing order in effect to be enforced. Even if
> the issuing tribunal no longer has continuing, exclusive
> jurisdiction, its order remains fully enforceable until a
> tribunal with modification jurisdiction issues a new order
> in conformance with this article.
>     UIFSA and UCCJEA seek a world in which there is
> but one order at a time for child support and custody and
> visitation. Both have similar restrictions on the ability of
> a tribunal to modify the existing order. The major
> difference between the two acts is that the basic
> jurisdictional nexus of each is founded on different
> considerations. UIFSA has its focus on the personal
> jurisdiction necessary to bind the obligor to payment of a
> child-support order. UCCJEA places its focus on the
> factual circumstances of the child, primarily the "home
> state" of the child; personal jurisdiction to bind a party to
> the custody decree is not required. An example of the
> disparate consequences of this difference is the fact that a
> return to the decree state does not reestablish continuing,
> exclusive jurisdiction under the UCCJEA. *See* UCCJEA §
> 202. Under similar facts UIFSA grants the issuing
> tribunal continuing, exclusive jurisdiction to modify its
> child-support order if, at the time the proceeding is filed,

the issuing tribunal "is the residence" of one of the individual parties or the child. *See* Section 205.

N.C. Gen. Stat. § 52C-6-611 Official Comment.

¶ 26     Here, Mother's Petition to Register the three Florida orders was in both form and substance a petition for registration under the UCCJEA. Even if we assume Mother also sought registration of the orders under UIFSA, the Petition to Register did not substantially comply with the requirements of North Carolina General Statute § 52C-6-602, and Father promptly filed a Motion to Dismiss with respect to claims under UIFSA. The trial court correctly concluded that Mother's Petition to Register the orders under UIFSA for purposes of child support modification or enforcement must be dismissed under North Carolina General Statute § 52C-6-602 and Rules 12(b)(1) for lack of subject matter jurisdiction. *See In re T.R.P.*, 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) ("Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." (quoting *Eudy v. Eudy*, 288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975), *overruled on other grounds by Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982))).

V.     Conclusion

Because Mother's Petition to Register was in substance and in form a petition to register a foreign custody order under North Carolina General Statute § 50A-305, not a petition to register a foreign child support order, the trial court did not err by granting Father's Motion to Dismiss as to child support for failing to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. N.C. R. Civ. P. 12(b)(1), (6). However, the trial court noted the dismissal of Mother's Petition to Register was without prejudice, and this opinion does not impair her right to file a new petition for registration and enforcement of the Florida child support orders in the appropriate jurisdiction.

AFFIRMED.

Judges INMAN and COLLINS concur.